■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Throgs Neck Bridge Approach and the Parks Adjacent Thereto in the Borough of The Bronx. BRONX BEACH AND POOL, INC., Appellant.— Final decree unanimously affirmed, with costs to the respondent. No opinion. Concur — Breitel, J. P., Valente, McNally, Stevens and Bastow, JJ.

■ LOUIS FUSCO, JR., et al., Respondents, v. HYMAN KATZ et al., Doing Business under the Name of KATZ BROTHERS, et al., Appellants.— Order, entered April 14, 1960, granting plaintiffs' motion for summary judgment, unanimously reversed, on the law, with $20 costs and disbursements to appellants, and plaintiffs' motion for summary judgment denied; and the motion by defendants, for an order pursuant to section 193 of the Civil Practice Act, directing that plaintiffs bring in as additional parties defendant, Francine R. Pugach, individually and as trustee, etc., of Caryn Brenda Pugach, an infant, and of Francine R. Pugach, and the Public Service Mutual Insurance Company with a service by plaintiffs of a supplemental summons and amended complaint, is granted on the law, on the facts and in the exercise of discretion, with $10 costs. The plaintiffs have been less than frank with the court, and in any event the affidavits submitted by defendants disclose that there are triable issues. And, under the circumstances here, the motion to implead the alleged subsequent assignees who claim to be entitled to the funds claimed by plaintiffs as assignees is granted. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Valente and Eager, JJ.

■ In the Matter of the Accounting of JULIAN CHAIET, as Administrator of the Estate of SAMUEL PELKOWITZ, Deceased, Appellant. FREDERICK L. FLYNN, as Special Guardian, Respondent.— Decree unanimously modified on the law, on the facts, and in the exercise of discretion, to the extent of vacating the reduction of the allowable funeral expenses to the sum of $750 and the proceeding remanded for the taking of proof as to the circumstances and *bona fides* of the payment of such funeral expenses, without costs to any party. The circumstance that a brother of decedent paid the funeral expenses in the first instance should be explored. If such payment was actually made and the administrator had no defense to a claim therefor, he is entitled to have the reimbursement he made to the brother allowed completely. So, too, the circumstances in obligating the estate for a headstone at the price of $496 requires inquiry. Such exploration is merited despite agreement with the Surrogate's conclusion that, prima facie, the funeral expenses were excessive in an estate of this size. Settle order on notice. Concur — Botein, P. J., Breitel, McNally and Stevens, JJ.